O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANGELA TORRES, | ) | CASE NO. ED CV 06-00516 (RZ) |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) ) ) | |
| Defendant. | ) ) ) | |

None of Plaintiff's three arguments for reversal of the underlying step-five denial of disability benefits is persuasive. The Court thus will affirm.

First, Plaintiff asserts that it was error for the Administrative Law Judge seemingly to have ignored and/or disregarded the opinion of a state agency psychiatrist, M. Becraft, M.D. Dr. Becraft opined that Plaintiff suffered "moderate" limitations in certain mental activities. But the Administrative Law Judge found Plaintiff even more limited than Dr. Becraft had opined. (The judge did so based on testimony by medical expert Michael Kania, Ph.D., who in turn relied on evidence from Plaintiff's treating psychiatrist, Dhassan Mahfoozi, M.D., *see* Administrative Record ("AR") 15, 324, 362-71.) For example, the Administrative Law Judge found Plaintiff to suffer "moderate" limitations in her activities of daily living, whereas Dr. Becraft found Plaintiff to have only "mild" problems in that regard. While Dr. Becraft found zero instances of decompensation,

the Administrative Law Judge found Plaintiff had "possibly" had one or two such episodes. *Compare* AR 15 *with* AR 324. In several other aspects of mental functioning, the Administrative Law Judge found Plaintiff just as limited as did Dr. Becraft. *Id.* (both finding "moderate" limitations in social functioning, maintaining concentration, persistence and pace). Plaintiff's argument thus is meritless, for any possible error in not mentioning the *less*-favorable-to-Plaintiff opinion by Dr. Becraft could only have benefitted Plaintiff, not harmed her.

Second, Plaintiff asserts that a hypothetical question posed to the vocational expert was incomplete because it did not include Dr. Becraft's limitations. This argument fails along with the first for the same reasons.

Third, Plaintiff asserts that it was error for the Administrative Law Judge not to have discussed the "Function Report / Adult Third Party" questionnaire submitted by Plaintiff's mother. *See* AR 87-96. But that questionnaire essentially tracked the opinion of Dr. Mahfoozi and Plaintiff's own subjective account; in other words, it was cumulative. *See* AR 15. Plaintiff fails to show how her mother's statements are at odds with the Administrative Law Judge's opinion, which found Plaintiff to have moderate limitations (due to mental impairments) in several areas and restricted her to "simple and moderately complex tasks in a non-public setting." AR 14-15. The Court thus "can confidently conclude that no reasonable ALJ, when fully crediting the [undiscussed lay] testimony, could have reached a different disability determination." *Stout v. Commissioner*, 454 F.3d 1050, 1056 (9th Cir. 2006). Any possible error in failing to discuss the mother's questionnaire therefore was harmless. *Id.*

Accordingly, the underlying decision is affirmed.

DATED: July 18, 2007

RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE